| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF GOODHUE | FIRST JUDICIAL DISTRICT |

Shannon Lundquist, an individual,

    Plaintiff,

vs.

The Wackenhut Corporation, d/b/a G4S Secure Solutions (USA) Inc., a foreign corporation,

    Defendant.

Court File No. _____

**SUMMONS**

STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney an Answer to the Complaint which is herewith served upon you within twenty (20) days after service of this Summons and Complaint, exclusive of the date of such service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint. Parties are required to attempt alternative dispute resolution under Minnesota law. Alternative dispute resolution includes mediation, arbitration, and other processes as set forth in the District Court rules. You may contact the Court Administrator about resources in your area.

Dated: October 28, 2010

NEATON & PUKLICH, PLLP

/s/ Mark Dooley

Mark E. Dooley (#0389447)
7975 Stone Creek Drive, Suite 120
Chanhassen, MN 55317
(952) 258-8444
*Attorneys for Plaintiff*

SCANNED
NOV 2 3 2010
U.S. DISTRICT COURT MPLS

EXHIBIT A

STATE OF MINNESOTA                    DISTRICT COURT

COUNTY OF GOODHUE               FIRST JUDICIAL DISTRICT

Shannon Lundquist, an individual,          Court File No. _____

        Plaintiff,

vs.                                            **COMPLAINT**

The Wackenhut Corporation, d/b/a G4S     **(JURY TRIAL DEMANDED)**
Secure Solutions (USA) Inc., a foreign
corporation,

        Defendant.

Plaintiff, by and for her Complaint, states and alleges as follows:

## THE PARTIES

1. At all times relevant herein, Plaintiff Shannon Lundquist (hereinafter "Lundquist"), resided in the City of Red Wing, County of Goodhue, State of Minnesota.

2. At all times relevant herein, Defendant The Wackenhut Corporation, d/b/a G4s Secure Solutions (USA) Inc. (hereinafter "Wackenhut") was, and is, a corporation with its principal place of business in Florida, doing business in Minnesota. Wackenhut is an international supplier and staffing service of security personnel.

## ALLEGATIONS COMMON TO ALL CLAIMS

3. In or about January 2006, Defendant Wackenhut hired Plaintiff to work as a security officer for Defendant's client Xcel Energy in Welch, MN. During the course of her employment with Defendant, Plaintiff performed all of her job duties and functions in a satisfactory manner.

4. Plaintiff became pregnant in early 2009 and informed her employer.

5. Plaintiff was able to perform all essential tasks through most of the pregnancy, with some minor restrictions, but Defendant required that Plaintiff take FMLA leave and did not allow her to work from November 2009 until the time of her termination—March 15, 2010.

6. This forced leave precluded Plaintiff's ability to take her statutory parental leave.

7. Plaintiff then requested FMLA, but Defendant denied the request as it viewed her FMLA time as exhausted and instructed Plaintiff to return to work on March 1, 2010.

8. Plaintiff's doctor recommended that Plaintiff return to work six weeks after her child's birth—March 9, 2010.

9. Plaintiff was in constant contact with her employer regarding the working conditions and her return to work date.

10. The majority of those contacts were related to Plaintiff's inquiry into Defendant's nursing mother policy, i.e. would Defendant allow Plaintiff time to pump breast milk for her child.

11. Defendant would not grant Plaintiff's requests for accommodations.

12. On March 15, 2010, Defendant terminated Plaintiff's employment for a "no call no show."

13. Plaintiff did, in fact, call Defendant on the morning of March 15, 2010 to discuss her attendance.

14. During the return to work conversations, Plaintiff submitted a complaint to Defendant's internal complaint center.

15. Defendant failed to make any reasonable accommodations for Plaintiff. Furthermore, Defendant terminated Plaintiff's employment, in part, for filing a complaint of a violation of the Minnesota Human Rights Act.

16. These violations have, and will continue to cause Plaintiff damages for lost income and emotional distress in an amount in excess of $50,000 to be determined at trial.

## COUNT I

### VIOLATION OF MINNESOTA HUMAN RIGHTS ACT

17. Plaintiff realleges and incorporates paragraphs 1 through 16 as if fully set forth herein.

18. For the purposes of discriminatory conduct, the Minnesota Human Rights Act defines sex to include pregnancy. Minn. Stat. § 363A.03, Subd. 42.

19. The Minnesota Human Rights Act, Minn. Stat. § 363A.08, Subd. 2. states:

> "Except when based on a bona fide occupational qualification, it is an unfair employment practice for an employer, because of ... sex...to:
>
> (1) refuse to hire or to maintain a system of employment which unreasonably excludes a person seeking employment; or
>
> (2) discharge an employee; or
>
> (3) discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment.

20. Despite the stated reason for the termination, Wackenhut's decision was motivated, in part, by the fact that Ms. Lundquist was pregnant.

21. By discharging Ms. Lundquist for this reason, Wackenhut has violated Minn. Stat. § 363A.08, Subd. 2 (2).

22. These violations have, and will continue to cause Plaintiff damages for lost income and emotional distress in an amount in excess of $50,000 to be determined at trial.

3

## COUNT II

## REPRISAL IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT

23. Plaintiff realleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

24. Minnesota Statute § 363A.15 provides:

> It is an unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator, employer...employee or agent thereof to intentionally engage in any reprisal against any person because that person:
>
> (1) opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter; or
>
> (2) associated with a person or group of persons who are disabled or who are of different race, color, creed, religion, sexual orientation, or national origin.
>
> A reprisal includes, but is not limited to, any form of intimidation, retaliation, or harassment. It is a reprisal for an employer to do any of the following with respect to an individual because that individual has engaged in the activities listed in clause (1) or (2): refuse to hire the individual; depart from any customary employment practice; transfer or assign the individual to a lesser position in terms of wages, hours, job classification, job security, or other employment status; or inform another employer that the individual has engaged in the activities listed in clause (1) or (2).

25. Plaintiff's employment was terminated in violation of Minnesota Statute § 363A.15. Plaintiff engaged in a statutorily protected expression when she reported the failure to accommodate on March 14, 2010. Plaintiff then suffered an adverse action by her employer when she was terminated, and there was a causal link between the protected expression and the adverse action.

26. Ms. Lundquist's act in requesting a reasonable accommodation for her nursing,

4

and then reporting her supervisor's antagonistic response are expressions protected by the Minnesota Human Rights Act.

27. Defendant terminated Plaintiff's employment on March 15, 2010, immediately and without prior notice, which constitutes an adverse action by her employer.

28. There was a causal link between the protected expression and the adverse action. The Defendant intentionally terminated the Plaintiff because of her requests for reasonable accommodation, and later reported behavior of Plaintiff's supervisor. But for Ms. Lindquist's report to the Human Rights Department, she would not have been terminated. She was terminated within one day of reporting her treatment.

29. These violations have, and will continue to cause Plaintiff damages for lost income and emotional distress in an amount in excess of $50,000 to be determined at trial.

## COUNT III

### VIOLATION OF MINN. STAT. § 181.939

30. Plaintiff realleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

31. Minn. Stat. § 181.939 provides:

> An employer must provide reasonable unpaid break time each day to an employee who needs to express breast milk for her infant child. The break time must, if possible, run concurrently with any break time already provided to the employee. An employer is not required to provide break time under this section if to do so would unduly disrupt the operations of the employer.

32. The Defendant was aware of Plaintiff's requests.

33. Although Plaintiff made reasonable, protected requests, Defendant refused to allow Plaintiff time to pump breast milk.

5

34. This exchange (the request and subsequent denial) precipitated a series of events that led to Plaintiff's termination.

35. The risk to the Plaintiff was foreseeable and the actions of the Defendant proximately caused Plaintiff's injuries.

36. These violations have, and will continue to cause Plaintiff damages for lost income and emotional distress in an amount in excess of $50,000 to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

a. That the practices of Defendant complained of herein be adjudged, decreed and declared to be in violation of the rights secured to Plaintiff by the Minnesota Human Rights Act.

b. That the practices of Defendant complained of herein be adjudged, decreed and declared to be violative of the rights secured to the Plaintiff by Minn. Stat. § 181.939.

c. That a permanent mandatory injunction be issued requiring that Defendant adopt practices in conformity with the requirements of Minn. Stat. § 181.939.

d. That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

e. That Plaintiff be awarded all damages available under applicable law.

f. That the Court award Plaintiff her attorney's fees, costs and disbursements pursuant to state statute.

g. That the Court grant such other and further relief as it deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE.

Dated: October 28, 2010

NEATON & PUKLICH, PLLP

*signature*

Mark E. Dooley (#0389447)
7975 Stone Creek Drive, Suite 120
Chanhassen, MN 55317
(952) 258-8444
*Attorneys for Plaintiff*

ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.21, Subd. 2 to the party against whom the allegations in this pleading are asserted.

*signature*

Mark E. Dooley

7